**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EUGENE SZYMANSKI,

    Plaintiff,

v.                                                  Case No. 12-12356

GARY J. ZILLI, et.al.,

    Defendants.
                                         /

**OPINION AND ORDER DENYING "APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES," DISMISSING COMPLAINT UNDER
28 U.S.C. § 1915(g), AND TERMINATING AS MOOT "MOTION FOR SPECIAL
SERVICE BY THE U.S. MARSHAL'S SERVICE ON DEFENDANTS"**

On May 31, 2012, Plaintiff Eugene Szymanski, a state prisoner currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, filed a pro se complaint for mandamus against several state and federal officials. Plaintiff alleges that Defendants have conspired to lodge a detainer against him which is false and fraudulent. Plaintiff has also filed an application seeking leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff has previously filed three federal actions that were dismissed as frivolous, the court concludes that Plaintiff is not eligible to proceed *in forma pauperis* and dismisses the complaint under 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A complaint for mandamus is a civil action within the meaning of this provision, *Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996), so it applies to this case. If a complaint "clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001). In that situation, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a prolific litigator in federal court. The court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See e.g.*, *Szymanski v. Detroit Police Dep't*, No. 96-40426 (E.D. Mich. Jan. 24, 1997); *Szymanski v. Michigan*, No. 97-40455 (E.D. Mich. Dec. 29, 1997); *Szymanski v. Wayne Cnty. Jail*, No. 96-60010 (E.D. Mich. Mar. 6, 1996); *Szymanski v. Peppler*, No. 89-73061 (E.D. Mich. Nov. 14, 1989). Consequently, Plaintiff is a "three striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has made no such showing. His complaint must therefore be dismissed. Accordingly,

IT IS ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees" [Dkt. # 2] is DENIED.

IT IS FURTHER ORDERED that the complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Special Service by the U.S. Marshal's Service on Defendants" [Dkt. # 3] is TERMINATED AS MOOT.

Finally, the Court concludes that an appeal from this order would be frivolous and not taken in good faith.  See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\12-12356.SZYMANSKI.Dismiss1915g.jr.set.wpd