UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE SZYMANSKI,

    Plaintiff,

v.                                                               Case No. 12-12356

GARY J. GILLI, et.al.,

    Defendants.
                                                                        /

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT**

On May 31, 2012, Plaintiff Eugene Szymanski filed a *pro se* civil rights complaint and an application under 28 U.S.C. § 1915(a)(1) to proceed without prepayment of fees or costs. On June 27, 2012, the court dismissed the complaint without prejudice because of the "three strikes" provision of the Prison Litigation Reform Act of 1995. See 28 U.S.C. § 1915(g). Plaintiff filed three or more lawsuits which were dismissed as frivolous. *Szymanski v. Detroit Police Dep't*, No. 96-40426 (E.D. Mich. Jan. 24, 1997) (Gadola, J.) (dismissed as frivolous); *Szymanski v. Michigan*, No. 97-40455 (E.D. Mich. Dec. 29, 1997) (Gadola, J.) (dismissed as frivolous); *Szymanski v. Wayne Cnty.*, No. 96-60010 (E.D. Mich. Mar. 6, 1996) (LaPlata, J.) (dismissed as frivolous); *Szymanski v. Peppler*, No. 89-73061 (E.D. Mich. Nov. 14, 1989) (Taylor, J.) (dismissed as frivolous).

On July 11 and 18, 2012, Plaintiff moved for relief from judgment under Federal Rule of Civil Procedure 60(b). Plaintiff argues that he has fewer than three strikes and that, even if he has three strikes, he has presented sufficient evidence to show that he is in imminent danger of serious physical injury, which allows him to bypass the three-

strikes provision. Plaintiff claims that he has demonstrated he should be allowed to proceed with his complaint. The court disagrees.

The court construes each of Plaintiff's motions as a motion for reconsideration under Local Rule 7.1(h). "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Plaintiff's July 11, 2012, motion is timely. However, Plaintiff's July 18, 2012, motion for relief from judgment is untimely, and fails for that reason.

Typically, the court will not grant a motion for reconsideration that raises issues an earlier order addresses, either expressly or by reasonable implication. The movant must identify a palpable defect in the court's ruling and show that correcting the defect will change the outcome of the action. E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981-82 (E.D. Mich. 2010) (citation and quotation marks omitted).

Plaintiff has more than three strikes. Hence Plaintiff has not demonstrated a palpable defect in the order dismissing his complaint. His July 11, 2012, motion merely presents the same issues previously ruled upon by the court. The motion therefore fails.

Even if Plaintiff's July 18, 2012, motion were timely, Plaintiff fails to establish an entitlement to relief. In his July 18, 2012 motion, Plaintiff states again that the court incorrectly applied the three-strikes provision prospectively, that the provision is overly broad and unconstitutional, and that he is in imminent danger of serious physical danger. Plaintiff offers no argument that has not already been considered and rejected. Accordingly,

IT IS ORDERED that Plaintiff's motions for relief from judgment [Dkts. # 7 & 8] are DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522